JOURNAL ENTRY and OPINION
{¶ 1} Appellant Larry Duffield appeals the maximum, consecutive sentence imposed by the trial court. He assigns the following errors for our review:
 {¶ 2} "I. The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(e)(4)."
 {¶ 3} "II. The trial court erred when it sentenced Appellant to the maximum sentence without making the appropriate findings."
 {¶ 4} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 5} The record reveals on October 2, 2003, the Cleveland Police Department arrested Duffield for theft of a car stereo worth over $500 and for criminal damaging. On October 22, 2003, the Cleveland Police Department again arrested Duffield for the theft of a car stereo worth over $500 and possession of criminal tools. On November 18, 2003 and December 3, 2003, the Cuyahoga County Grand Jury indicted Duffield on two counts of theft, and one count each of criminal damaging and possession of criminal tools. On January 7, 2004, Duffield pled guilty to both counts of theft, entered an Alford Plea to criminal damaging, and the remaining charge was dismissed. The trial court ordered a pre-sentence investigative report and scheduled sentencing for February 9, 2004.
 {¶ 6} At the sentencing hearing, Brook Anderson, a representative for several businesses in the Tremont area of Cleveland, read a letter into the record. The letter detailed the severe amount of property damage suffered by businesses, the customers and staff, because of Duffield breaking into the cars on an ongoing basis. The businesses to lose a lot of customers.[1]
 {¶ 7} After reviewing Duffield's presentence investigative report, the trial court sentenced Duffield to a term of twelve months on each theft offense, to be served consecutively. Duffield now appeals.
 {¶ 8} In the first assigned error, Duffield argues the trial court failed to make the appropriate findings to justify a consecutive sentence. We disagree.
 {¶ 9} In general, a reviewing court will not reverse a sentence unless the court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law.[2] In this case, Duffield pled guilty to two counts of theft, which are fifth degree felonies pursuant to R.C. 2913.02, and criminal damaging, which is a second degree misdemeanor pursuant to R.C. 2909.06.
 {¶ 10} The overriding purpose of felony sentencing is to protect the public from future crime and to punish the offender. Toward that end, R.C. 2929.11(A) provides:
{¶ 11} "To achieve those purposes, the sentencing court shallconsider the need for incapacitating the offender, deterring theoffender and others from future crime, rehabilitating theoffender, and making restitution to the victim of the offense,the public, or both."
 {¶ 12} R.C. 2929.14 authorizes the imposition of consecutive sentences only when the trial court concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender, (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post-release control, (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense, or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime.[3]
 {¶ 13} Imposing consecutive prison terms for multiple convictions, therefore, is appropriate upon making certain findings as enumerated in this statute. When the trial court does so, however, it must state these findings, and its reasons for those findings, on the record.[4] While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences.[5] Failure of a trial court to do so, constitutes reversible error.[6]
 {¶ 14} Addressing appellant at the sentencing hearing, the trial court stated:
{¶ 15} "I've considered the seriousness and recidivismfactors. I find that you have shown no remorse, I find you have aprior criminal record for theft offenses that dates back to 1998— I'm sorry, 1989, when you were a juvenile. A decade and a halfof criminal history here.
 {¶ 16} "Mr. Duffield, I find you to be a terrorist, I findthat a minimum sentence would demean the seriousness of theoffense. I find, based upon your prior record and your failure toshow any remorse here, that you pose a great likelihood ofrecidivism, great likelihood of committing future crimes andthat's going to justify a term of twelve months in case 445532.
 {¶ 17} "Also I'm going to order that you serve 12 months incase 445201. The sentences will run consecutive to each other.You'll serve a total of 24 months. And I find that a 24-monthconsecutive sentence is necessary to not only protect the publicfrom future crime but to punish you.
 {¶ 18} "You've, again shown no remorse and your criminalhistory demonstrates that consecutive terms are needed to protectthe public."[7]
 {¶ 19} The trial court found Duffield's criminal history relevant to its finding that he poses a danger to the public. The presentence investigation report in this case detailed Duffield's criminal history, which included, inter alia, convictions for receiving stolen property, theft, and domestic violence. The report also detailed Duffield's frequent probation violations. The trial court concluded that Duffield's pattern of criminal conduct indicates he poses a risk of serious physical harm to the public. We agree. His criminal history reflects a pattern of criminal activity where he does not adjust his behavior after having been arrested and/or pled to various offenses. His propensity to continue criminal activity is apparent to this court based on his prior conduct.
 {¶ 20} Consequently, we find the trial court made the findings required under R.C. 2929.14(E) and 2929.19(B(2)(c), and those findings are supported by the record. Duffield's first assigned error is not well taken and is overruled.
 {¶ 21} In the second assigned error, Duffield argues the trial court failed to make the appropriate findings to justify a maximum sentence. We disagree.
 {¶ 22} The imposition of the maximum sentence on an offender who has been found guilty of an offense, which is a felony of the fifth degree, for which a prison sentence is not mandatory, requires a two-step analysis by the court. First, because there is no presumption for or against imprisonment, the sentencing court must determine whether the offender should be imprisoned or sentenced to community control sanctions. Guidance is found in R.C. 2929.13(C), which provides the sentencing court with discretion to impose a sentence of imprisonment or community control sanctions in accordance with the overriding purposes of sentencing — the protection of the public and the punishment of the offender. To this end the sentencing court is to determine the relative seriousness of the offender's conduct and the likelihood that the offender will commit additional offenses. Should the sentencing court conclude that imprisonment is necessary because the offender's conduct would be demeaned and/or the public would not be adequately protected by the imposition of community control sanctions, then the sentencing court may proceed to a second analysis pursuant to R.C. 2929.14(C), to determine whether the maximum sentence should be imposed.
 {¶ 23} R.C. 2929.14(C) specifies when a court may impose a maximum prison term:
{¶ 24} "* * * The court imposing a sentence upon an offenderfor a felony may impose the longest prison term authorized forthe offense pursuant to division (A) of this section only uponoffenders who committed the worst form of the offense, uponoffenders who pose the greatest likelihood of committing futurecrimes, upon certain major drug offenders under division (D)(3)of this section, and upon certain repeat violent offenders inaccordance with division (D)(2) of this section."
 {¶ 25} Thus, in order to lawfully impose the maximum term, the trial court must find that the offender satisfies one of the criteria set forth in R.C. 2929.14(C).[8] While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings.[9] In addition, the trial court must give its reasons for its findings.[10]
 {¶ 26} In determining whether an offender poses the greatest likelihood of committing future crimes, a trial court must consider the five factors enumerated in R.C. 2929.12(D), one of which is whether the offender has a history of criminal convictions. Only one of the factors need apply in order to find that the offender poses the greatest likelihood of committing future crimes.[11]
 {¶ 27} Here, in accordance with R.C. 2929.14(C), the trial court found that a maximum sentence was warranted because Duffield posed the greatest likelihood of committing future crimes. Prior to sentencing him, the trial judge reviewed Duffield's extensive criminal history on the record. The court noted Duffield's juvenile record included three separate cases for receiving stolen property and theft for which he was committed to ODYS and later granted the privilege of judicial release.
 {¶ 28} The court further noted Duffield, as an adult, was convicted of domestic violence in 1999, for which he was sentenced to six months in jail; the sentence was suspended, and he was placed on two years probation. Duffield violated the probation that same year; and the court continued him on probation. He violated probation again in May 2000 and the court sentenced him to forty-five days in jail.
 {¶ 29} Additionally, the court noted Duffield was convicted again in 2002 and was placed on one year probation. However, he violated probation and was sentenced to sixty days in jail. Finally, the court noted Duffield had other minor misdemeanor offenses for drug abuse.
 {¶ 30} On this record, we find the court's determination that Duffield posed the greatest likelihood of committing future crimes was supported by clear and convincing evidence. Duffield's extensive history of criminal convictions and probation violations demonstrated the greatest likelihood of recidivism. Accordingly, in conformance with the guidance provided inEdmonson, supra, we find that the record clearly demonstrates that the trial court lawfully imposed the maximum sentence upon Duffield, fulfilled the statutory requirements of R.C.2929.14(C), and set forth its reasons for imposing the maximum prison term as required by R.C. 2929.19 (B)(2)(d). Consequently, Duffield's second assigned error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, J., Concur; Karpinski, J., Dissents. (See attacheddissenting opinion.)
 DISSENTING OPINION
[1] Tr. at 18-19.
[2] See R.C. 2953.08(G).
[3] R.C. 2929.14(E)(4).
[4] See R.C. 2929.19(B)(2)(c); see, also, State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165.
[5] Id. at 468.
[6] Id. at 469.
[7] Tr. at 28.
[8] State v. Edmonson (1999), 86 Ohio St.3d 324, 329.
[9] State v. Hollander (2001), 144 Ohio App.3d 565.
[10] R.C. 2929.19(B); Edmonson, supra.
[11] State v. Daniels (Feb. 5, 2004), Cuyahoga App. No. 82972.