JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Jeremy Payne, appeals his sentence following his guilty plea in Case No. CR-441505 to attempted receiving stolen property in violation of R.C. 2913.51, receiving stolen property, and breaking and entering in violation of R.C. 2911.13, and in Case No. CR-443323 to theft, all fifth degree felonies. The trial court sentenced him to twelve months on each of the three counts in Case No. CR-441505 and twelve months in Case No. CR-443232, with the three twelve-month sentences in Case No. CR-441505 running concurrently. The court ordered the twelve-month sentence in Case No. CR-443323 to run consecutive to the twelve-month sentence in Case No. CR-441505 for a total of twenty-four months.[1]
 {¶ 2} Defendant states two assignments of error, the first of which follows:
 {¶ 3} "I. The trial court erred in imposing a term of imprisonment for the offense charged."
 {¶ 4} Defendant argues that because there is a presumption of community control sanctions for fifth degree felonies, the trial court erred in imposing a prison sentence. The appeal of this sentence is controlled by R.C. 2953.08(A), which states in pertinent part:
"(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
* * *
2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree * * * andthe court did not specify at sentencing that it found one or more factorsspecified in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender. (Emphasis added.)"
 {¶ 5} If, therefore, the trial court made a proper finding under R.C.2929.13(B)(1), this defendant would have no right to appeal a prison sentence under this statute. In this assignment of error, Defendant's appeal is specifically based, in part, on this statute. Appellant's brief at 2.
 {¶ 6} "R.C. 2929.13(B)(1) states in pertinent part:
In sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
(a) In committing the offense, the offender caused physical harm to a person.
(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
(e) The offender committed the offense for hire or as part of an organized criminal activity.
(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31,2907.321 [2907.3 2.1], 2907.322 [2907.3 2.2], 2907.323 [2907.3 2.3], or 2907.34 of the Revised Code.
(g) The offender previously served a prison term.
(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
(i) The offender committed the offense while in possession of a firearm.
"(2)(a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender. (Emphasis added.)"
 {¶ 7} Defendant concedes that the court specifically made one of the findings from R.C. 2929.13(B)(1): that defendant had previously served a prison term. Nonetheless, he argues that "[t]he trial court failed to apply and analyze the remaining factors in ORC 2929.13(B)." Appellant's brief at 4. This conclusion ignores the language of R.C. 2953.08(A), which authorizes an appeal only if the court did not specify at sentencing that it found one of the statutory factors. Because the court did find a factor, that is, having served a prison term, defendant is not entitled to an appeal under this specific statute, regardless of the presence or absence of any other factors. Accordingly, this assignment of error is overruled.
 {¶ 8} For his second assignment of error, defendant states:
 {¶ 9} "II. The trial court erred by imposing consecutive sentences."
 {¶ 10} Defendant argues that the trial court failed to make the necessary findings for imposing consecutive sentences. The imposition of consecutive sentences is governed by R.C. 2929.14(E)(4), which states:
(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 11} The trial court made some of the findings necessary for imposition of consecutive sentences. For example, the court found that "consecutive terms are needed to protect the public." Tr. at 20. It also found that consecutive sentences were required by the danger defendant presents to the public, when it stated: "This is your ninth and tenth theft-related offenses, in six years as an adult. You served several prior prison terms before. The only thing I can do to protect society is to give you a consecutive sentence." Tr. at 21. The court found, therefore, that defendant's continual theft offenses showed him to be incorrigible and thus consecutive sentences were necessary to protect the public.
 {¶ 12} The court did not, however, make a finding that consecutive sentences were not disproportionate to the offender's conduct in this crime. Whereas the court discussed defendant's conduct, it made no finding concerning the defendant's behavior specifically in the cases for which he pled guilty. "This court has previously held that the not disproportionate to the seriousness of the offender's conduct finding is limited to the offender's conduct to the case at hand." State v.Duffield, Cuyahoga App. No. 84205, 2005-Ohio-96 ¶ 32, citing State v.Cobbins, Cuyahoga App. No. 82510, 2004-Ohio-3736. Because the court failed to articulate how defendant's behavior in the cases for which he was being sentenced provided a reason for consecutive sentences, this case must be remanded for resentencing. Accordingly, this assignment of error has merit.[2]
Reversed and remanded for a full resentencing hearing consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Celebrezze, Jr., J., concur.
[1] Defendant was being sentenced for two separate cases: CR-443323 for theft, and CR-441505 for attempted receiving stolen property of an automobile and receiving stolen property of a lawn mower. All are felonies of the fifth degree.
[2] I separately note, however, I believe that the U.S. Supreme Court's decision in Blakely v. Washington (2004), ___ U.S. ___, 124 S. Ct. 2531, applies to the judicial findings required by Ohio statute for consecutive sentences. This court, however, has recently held in an en banc decision in State v. Lett (May 31, 2005), Cuyahoga App. Nos. 84707 and 84729, that R.C. 2929.14(E), which governs the imposition of consecutive sentences, does not implicate the Sixth Amendment as construed in Blakely. Although I dissented in that decision, I follow, albeit reluctantly, this court's decision while I await a ruling from the Ohio Supreme Court on this issue.