{¶ 11} I concur with the majority opinion. I write separately, however, to address an issue arising from Blakely v.Washington (2004), ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.3d 403. Even though defendant did not raise Blakely in the court below, I believe this court should, sua sponte, apply it to the sentencing issues raised herein. The U.S. Supreme Court "has established precedent that when a decision of its court results in a new rule, that rule applies to all criminal cases, both state and federal, still pending on direct review." State v.Duffield, Cuyahoga App. No. 84205, 2005-Ohio-96, at ¶ 36, citingSchriro v. Summerlin, 159 L.Ed.2d 442, 124 S.Ct. 2519, 2004 U.S. LEXIS 4574.
 {¶ 12} Under Blakely, defendant could argue that in running his sentences consecutive to one another, the trial court violated his Sixth Amendment rights.
 {¶ 13} In Blakely, the U.S. Supreme Court held that:
Our precedents make clear, however, that the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in thejury verdict or admitted by the defendant. See Ring, [v.Arizona, 536 U.S. 584,] 602, 153 L.Ed.2d 556, 122 S.Ct. 2428
("the maximum he would receive if punished according to the facts reflected in the jury verdict alone" (quoting Apprendi [v. NewJersey, 530 U.S. 466,] 483, 147 L.Ed.2d 435, 120 S.Ct. 2348]);Harris v. United States, 536 U.S. 545, 563, 153 L.Ed.2d 524,122 S.Ct. 2406 (2002) (plurality opinion) (same); cf. Apprendi,
supra at 488, 147 L.Ed.2d 435, 120 S.Ct. 2348 (facts admitted by the defendant). In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," (citation omitted) and the judge exceeds his proper authority.
(Emphasis in original.) Blakely, supra, at 2537.
 {¶ 14} Consecutive sentences are governed by R.C.2929.14(E)(4), which, in relevant part, provides:
The court must find that consecutive sentences are: (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the defendant's conduct; and (3) not disproportionate to the danger the defendant poses to the public. In addition to these three findings, the trial court must also find one of the following: (1) the defendant committed the offenses while awaiting trial or sentencing on another charge; (2) the harm caused was so great that no single sentence would suffice to reflect the seriousness of defendant's conduct; or (3) the defendant's criminal history is so egregious that consecutive sentences are needed to protect the public. R.C. 2929.14(E)(4)(a) — (c).
 {¶ 15} Under Blakely, such judicial findings, arguably, violate defendant's Sixth Amendment right to trial by jury.
 {¶ 16} This court, however, recently addressed this argument in its en banc decision of State v. Lett (May 31, 2005), Cuyahoga App. Nos. 84707 and 84729, and held that imposing consecutive sentences under R.C. 2929.14(E) does not implicate the Sixth Amendment as construed in Blakely.
 {¶ 17} In conformity with this court's en banc decision inLett, I would acknowledge that its application in the case at bar would result in finding that defendant's consecutive prison terms do not violate Blakely. I therefore would proceed to the analysis the majority has provided, but I do so reluctantly because I believe the en banc procedure this court used in Lett
is unconstitutional and dissented for that reason, as well as on the merits. With that reservation, I thus concur with the majority opinion in its decision to affirm the trial court.