[Cite as *State v. Gibson*, 2018-Ohio-5034.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106696**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**STEPHAUN GIBSON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
DISMISSED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-619169-B

**BEFORE:** McCormack, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 13, 2018

**ATTORNEY FOR APPELLANT**

Allison S. Breneman
1220 W. 6th Street, Ste. 203
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:  Frank Romeo Zeleznikar
Assistant Prosecuting Attorney
1200 Ontario Street, 8th Floor
Cleveland, OH 44113


TIM McCORMACK, J.:

{¶1}   Defendant-appellant Stephaun Gibson ("Gibson") appeals his sentence, arguing that the trial court abused its discretion by imposing a prison sentence. Because we find that Gibson's sentence is not subject to appellate review, we dismiss this appeal.

**Procedural and Substantive History**

{¶2}   On July 18, 2017, Gibson and his brother, codefendant Eric Gibson ("E. Gibson"), were indicted in a multiple-count indictment.  Gibson was charged with Count 2, carrying a concealed weapon, in violation of R.C. 2923.12(A)(2), and Count 3, improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(B).  E. Gibson was charged with Count 1, having weapons while under disability, in violation of R.C. 2923.13(A)(2), and Count 2 described above.

{¶3}   On November 28, 2017, both codefendants pleaded guilty to an amended Count 2, attempted carrying a concealed weapon, in violation of R.C. 2923.02 and 2923.12(A)(2), a felony

of the fifth degree. The remaining counts of the indictment were nolled. E. Gibson, who was on postrelease control at the time of the offense in this case, was sentenced to 12 months in prison.

{¶4} On December 20, 2017, the trial court held a sentencing hearing for Gibson. At sentencing, the court heard from the prosecutor and the arresting officer in the case, as well as Gibson's counsel. The parties addressed the court with respect to whether the appropriate sentence for Gibson was mandatory community control, pursuant to R.C. 2929.13(B)(1)(a), or whether a relevant exception applied to give the court discretion to impose a prison term, pursuant to R.C. 2929.13(B)(1)(b). After some discussion, the court stated that it believed it overcame the presumption of mandatory community control and sentenced Gibson to 12 months in prison. Specifically, the court found that Gibson had committed the offense while having a firearm on or about his person or under his control, satisfying R.C. 2929.13(B)(1)(b)(i).

{¶5} Gibson appeals his sentence, presenting one assignment of error for our review.

**Law and Analysis**

{¶6} In his sole assignment of error, Gibson argues that the trial court abused its discretion by imposing a prison sentence contrary to R.C. 2929.13.

{¶7} Generally, a reviewing court may increase, reduce, or otherwise modify a felony sentence if it clearly and convincingly finds that either (a) the record does not support certain required statutory findings or (b) the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).

{¶8} R.C. 2953.08(A)(2) specifically provides that a defendant may appeal as a matter of right where he or she was sentenced to a prison for a felony of the fourth- or fifth-degree pursuant to R.C. 2929.13(B), as Gibson was here. Subsection (A)(2) goes on, though, to state that:

If the court specifies that it found one or more of the factors in division (B)(1)(b) of section 2929.13 of the Revised Code to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.

{¶9} While Gibson argues that the court did not utilize the required language in order to sentence him to prison, and moreover, that the court's conclusion was not supported by the record, he acknowledges that the court utilized R.C. 2929.13(B)(1)(b)(i) and found that he committed the offense while having a firearm on his person or under his control. Further, our independent review of the record shows that the court made this finding prior to sentencing Gibson to a prison term. Because the court made the required statutory finding to sentence Gibson to a prison term, and Gibson did not file a motion for leave, he is not entitled to an appeal of his sentence. *State v. Torres*, 8th Dist. Cuyahoga No. 104905, 2017-Ohio-938, ¶ 8; *State v. Payne*, 8th Dist. Cuyahoga No. 84770, 2005-Ohio-3578, ¶ 7.

{¶10} Because Gibson's sentence is not subject to appellate review, we dismiss the appeal.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR