DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, following a guilty plea, in which appellant, Jesus Padilla-Montano, was found guilty of one count of trafficking in drugs, in violation of R.C. 2925.03(A) and (C)(4)(f), and one count of possession of criminal tools, in violation of R.C. 2923.24(A) and (C).
For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appointed counsel Edward J. Fischer has submitted a request to withdraw pursuant to Anders v. California (1967),386 U.S. 738. In support of his request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues. Counsel for appellant does, however, set forth the following proposed assignments of error:
 {¶ 3} "First proposed assignment of error:
 {¶ 4} "Whether the appellant was prejudiced by the ineffective assistance of counsel.
 {¶ 5} "Second proposed assignment of error:
 {¶ 6} "Appellant's plea should be set aside because it was not made knowingly, voluntarily or intelligently.
 {¶ 7} "Third proposed assignment of error:
 {¶ 8} "The trial court erred by imposing an excessive sentence."
 {¶ 9} On July 15, 2002, a vehicle driven by appellant was stopped by Toledo Police in East Toledo, after appellant's vehicle was seen leaving the home of a known cocaine dealer on Woodville Road. Appellant's wife and three small children were also in the vehicle at the time of the stop. During the course of the traffic stop, police saw a plastic bag on the floor behind the passenger seat, which was later found to contain $278,000 in cash. Upon further inspection of appellant's vehicle, police discovered a secret compartment behind the rear seat that was large enough to conceal cocaine.
 {¶ 10} Appellant was arrested and charged with one count of trafficking in drugs, in violation of R.C. 2925.03(A) and (C)(4)(g), with a major drug offender specification pursuant to R.C. 2941.1410, and one count of possession of criminal tools, in violation of R.C. 2923.24(A) and (C). Appellant's wife was also arrested and charged with drugrelated offenses, as were three other individuals who were in the home on Woodville Road when it was raided by police. On August 30, 2002, all five defendants filed a joint motion to suppress evidence seized pursuant to the search of appellant's vehicle and the Woodville Road home. After holding a suppression hearing, the trial court denied the motion to suppress.
 {¶ 11} On March 21, 2003, a plea hearing was held, at which the state of Ohio told the court that appellant agreed to plead guilty to one count of trafficking in drugs, and one count of possession of criminal tools, in exchange for the state dropping the major drug offender specification against appellant and reducing the charges against appellant's wife. As part of the plea bargain, the state recommended that appellant receive an aggregate prison sentence of no more than five years. The plea bargain was further conditioned upon appellant's cooperation in convicting the other individuals who were arrested the same day as appellant.
 {¶ 12} After the court inquired of appellant as to the nature and voluntariness of his plea, the prosecutor set forth the factual basis for appellant's plea. The trial court then accepted the plea and found appellant guilty of trafficking in drugs and possession of criminal tools. Appellant was referred to the Lucas County Adult Probation Department for a pre-sentence investigation and report.
 {¶ 13} On April 25, 2003, a sentencing hearing was held, at which appellant was present, along with court-appointed defense counsel and a Spanish-speaking interpreter. Appellant and defense counsel both expressed appellant's remorse to the court, and asked that he receive the minimum three-year prison sentence so that he could return to his children as soon as possible. The prosecutor then stated that appellant was able to provide "substantial assistance to the state of Ohio as part of his cooperation" and again asked the court to impose a five-year aggregate prison sentence.
 {¶ 14} After hearing the above statements, the court ordered appellant to serve concurrent sentences of five years in prison for drug trafficking and 11 months in prison for possession of criminal tools, and to pay a mandatory $10,000 fine. The court also suspended appellant's driver's license for a period of five years. The major drug offender specification was dismissed. It is from that judgment that appellant appeals.
 {¶ 15} Anders, supra, and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 16} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant attempted to file a pro so brief in response to counsel's request for withdraw; however, appellant's brief was stricken by this court for failure to comply with App.R. 13(D). Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 17} As his first potential assignment of error, counsel for appellant suggests that appellant received ineffective assistance of trial counsel. In support thereof, appellate counsel states that trial counsel may have been: 1) negligent in matters relating to the suppression hearing; or 2) derelict in "his duty to conduct `pretrial discovery', `investigation', or `research into the constitutional issues' at the core of appellant's defense."
 {¶ 18} This court has previously held that "[t]he entry of a guilty plea prevents a defendant from challenging the trial court's denial of a motion to suppress and the assertion of a claim of ineffective assistance of counsel unless those errors or claims relate to the plea itself." State v. Maples (Mar. 11, 1994), 6th Dist. No. L-03-009 (other citations omitted). Appellant's potential assignment of error relates only to matters preceding appellant's guilty plea. Accordingly, the first proposed assignment of error has no merit.
 {¶ 19} As his second potential assignment of error, appellant's counsel suggests that appellant's plea was not made knowingly, voluntarily, and intelligently.
 {¶ 20} Crim.R. 11(C)(2) states:
 {¶ 21} "In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 {¶ 22} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 23} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 24} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 25} The record shows that appellant, who does not speak fluent English, was provided with court-appointed counsel and an interpreter at all stages of the court proceedings. The record further shows that the trial court addressed appellant personally at the plea hearing, and inquired as to whether appellant understood the nature and ramifications of his plea, whether he was under the influence of any medication or illegal drugs, and whether he had been promised anything or threatened in order to induce the plea, beyond the terms of his agreement to cooperate with the police. The court explained to appellant that, by entering a plea, appellant was giving up his right to remain silent, to be proven guilty beyond a reasonable doubt, and to confront witnesses against him at a jury trial. The court also explained appellant's limited right to an appeal in the event of a plea, and informed appellant of the possible sentences he could receive if found guilty. Finally, the court stated that appellant, a Mexican national, could be deported after being released from prison or, if he remained in the United States, he could be subject to post-release control. The trial court also reviewed the terms of the plea agreement and explained to appellant that, even if his wife were released from prison pursuant to the agreement, she would be immediately deported to Mexico.
 {¶ 26} At all stages of the inquiry, appellant stated that he understood his rights as explained by the trial court. When asked if, knowing all his rights, he still wanted to waive those rights and enter a guilty plea, appellant replied "Yes." Appellant further stated that he had discussed his plea with court-appointed counsel, that the plea had been explained to him in Spanish, and that he was satisfied with his legal representation.
 {¶ 27} Based on the foregoing, we find that appellant's guilty plea was entered in compliance with Crim.R. 11 and was therefore knowingly, voluntarily and intelligently made. Accordingly, the second potential assignment of error has no merit.
 {¶ 28} As his third potential assignment of error, appellant's counsel suggests that the trial court erred by imposing an excessive sentence on appellant. In support thereof, appellant suggests that the trial court erred by imposing an 11-month sentence for possession of criminal tools, a fifth degree felony. Appellant does not argue that his five-year sentence for trafficking in drugs, a first degree felony, was contrary to law.
 {¶ 29} The range of sentences for a fifth degree felony is between six and twelve months. R.C. 2929.14(A)(5). R.C. 2953.08
sets forth the rights and procedures for appellate review of sentences alleged to violate R.C. Chapter 2929. Pursuant to R.C.2953.08(A)(2), a defendant may appeal a prison sentence imposed for a fifth degree felony only if "the court did not specify at sentencing that it found one or more factors specified in division (B)(1)(a) to (i) of section 2929.13 * * * to apply relative to the defendant. * * *" One of those factors is whether "[t]he offender committed the offense for hire or as part of an organized criminal activity." R.C. 2929.13(B)(1)(e).
 {¶ 30} The record shows that, at appellant's sentencing hearing, the trial court stated it had taken into consideration the nature and circumstances of the offense, and appellant's role in the commission of the crime. Specifically, the trial court stated that there were five defendants, including appellant's wife, working together to distribute cocaine, that a substantial amount of cocaine was found in the house that appellant left just before his arrest, and that appellant was in possession of $278,000 in cash at the time of the arrest.
 {¶ 31} The court stated that, in fashioning appellant's sentence, it had "taken into consideration the nature and circumstances of this offense" and the role that appellant played in commission of the crime. The court further stated:
 {¶ 32} "And there has [sic] to be periods of incarceration imposed to deter people from coming into this community and dealing large amounts of drugs. This isn't a situation where we have a user-dealer. It's someone who made a conscious choice to come into this country and to deal drugs. And for that, there must be a consequence." The court also noted appellant's cooperation with the state in convicting his codefendants. The trial court then sentenced appellant to serve five years in prison for the crime of trafficking in drugs, and 11 months in prison for the crime of possession of criminal tools. In addition, the court ordered appellant to pay a mandatory $10,000 fine, and suspended his driver's license for five years.
 {¶ 33} Upon consideration of the foregoing, the record supports a finding that appellant participated in organized criminal activity, i.e., the sale of cocaine. Accordingly, pursuant to R.C. 2953.08(A)(2), appellant may not appeal the 11-month sentence for a fifth degree felony. The record also demonstrates that the prosecution and appellant jointly recommended that appellant receive a prison sentence of at least three years as part of the plea agreement. Accordingly, appellant is also prevented from appealing his sentence pursuant to R.C.2953.08(D), which provides that a defendant cannot appeal a sentence that is otherwise authorized by law, if it was jointly recommended to the court by both the prosecution and the defendant. Appellant's third proposed assignment of error is without merit.
 {¶ 34} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment Affirmed.
Handwork, P.J., Knepper, J., Lanzinger, J., Concur.