OPINION
{¶ 1} Phillip Austin is appealing the judgment of the Montgomery County Common Pleas Court, which convicted him of aggravated burglary and resulted in a six-year prison term.
 {¶ 2} B.L. met Austin at a sports bar in late June 2003. Because they got along well, the couple began to date. The relationship became serious rather quickly with B.L. introducing Austin to her sister and friends later the same weekend. Within a week, the couple had become sexually intimate, and Austin had met B.L.'s family. However, the relationship soon deteriorated when Austin became jealous of B.L.'s friendship with her ex-boyfriend on July 6, 2003. B.L. informed Austin that she "didn't want to see him anymore." Between this dispute and August 16, 2003, B.L. and Austin only saw each other briefly on two occasions.
 {¶ 3} On August 16, 2003, B.L. went out with friends after work and returned home at approximately 2:00 a.m. B.L. did not feel well and went to lie down in her bed. B.L. remembered closing her apartment door but admits that she may have neglected to lock the door. B.L. awoke to find Austin on top of her, having sexual intercourse with her. Although B.L. told Austin to "get off" her, Austin shoved her down and continued to "ram" her. While he was holding her down, Austin professed to B.L. that he loved her and could not live without her.
 {¶ 4} Fortunately, B.L. was able to fabricate a story that she was supposed to pick her sister up from a bar and had forgotten to do so. Pretending to panic over abandoning her sister, B.L. got dressed, called her sister and left her apartment with Austin following behind her. Fortunately, Austin did not continue to follow B.L. and she was able to get to her sister and tell her what happened. The following day, B.L. called the police and submitted to a sexual assault examination at the hospital.
 {¶ 5} When questioned, Austin admitted to police that he had sexual intercourse with B.L. but that "[s]he was into it." Austin stated that the last time he had been intimate with B.L. was before July 4th. He had only seen her on one subsequent occasion at which time he returned her house keys. He admitted going to her house at approximately 3:00 in the morning on August 17, 2003. Austin further stated that even though he had never come to B.L.'s house unannounced while they were dating, that he had not called before coming to B.L.'s apartment on August 17th. Austin claimed that he had knocked on B.L.'s door and, when there was no answer, he tried the door knob and found it to be unlocked and went inside. Austin stated that he had then gone upstairs to B.L.'s bedroom, had woken her up, and the two began having consensual sexual intercourse.
 {¶ 6} Austin was indicted by a Montgomery County Grand Jury for aggravated burglary and rape. The matter proceeded to a jury trial on December 15, 2003. The jury found Austin guilty of burglary but could not reach a decision on the rape charge. The trial court declared a mistrial on the rape charge. Austin was subsequently sentenced to six years in prison for the aggravated burglary conviction.
 {¶ 7} Austin has filed this appeal, raising the following assignments of error.
 {¶ 8} "[1.] The evidence was insufficient to show that this burglary was committed by force or stealth, and therefore the conviction should be reversed because appellant was denied due process under thefourteenth amendment to the U.S. constitution.
 {¶ 9} "[2.] Imposition of a six year term violated appellant's federal constitutional right to proof beyond a reasonable doubt and a jury trial (U.S. Const., amends. V, VI, XIV) because the factors used to support that sentence were neither admitted nor found true by a jury."
 {¶ 10} Appellant's first assignment of error:
 {¶ 11} Austin argues that the State failed to provide sufficient evidence to prove force or stealth to support his burglary conviction. We disagree.
 {¶ 12} In reviewing a challenge to the sufficiency of the evidence, we must determine whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the state had proven the essential elements of the crime beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 273.
 {¶ 13} Aggravated burglary is defined in R.C. 2911.11(A), which states in pertinent part:
 {¶ 14} "No person, by force, stealth, or deception, shall trespass in an occupied structure * * *, when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if any of the following apply:
 {¶ 15} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another[.] * * *"
 {¶ 16} R.C. 2901.01(A)(1) defines force as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."
 {¶ 17} It has long been established in Ohio that the force element of an aggravated burglary charge can be accomplished through the opening of a closed but unlocked door. State v. Lane (1976), 50 Ohio App.2d 41. This Court has addressed the definition of force in R.C. 2901.01(A)(1) stating that it
 {¶ 18} "does not provide for any measure of the physical exertion that might constitute force, but instead looks to the purpose for which the physical exertion, however slight, has been employed. If that purpose is to overcome a barrier against the actor's conduct, whether that barrier is in the will of a victim or the closed but unlocked door of a home, the physical exertion employed to overcome the barrier may constitute force."State v. Gregg (Oct. 26, 1992), Champaign App. No. 91-CA-15 (finding that evidence that a defendant turned the knob and opened a closed but unlocked door was sufficient to prove force for a burglary conviction.)
 {¶ 19} In this case, Austin does not dispute that the State proved that he turned the knob and opened B.L.'s unlocked door in the early hours of the morning on August 17, 2003. Additionally, Austin acknowledges that several Ohio courts, including this Court, have followed the doctrine established in Lane that the physical effort exerted in turning the knob and opening a closed but unlocked door is sufficient evidence of force to sustain a burglary conviction. Rather, Austin argues that Lane was incorrect in concluding that the effort necessary to open a closed but unlocked door fulfills the force element of burglary. However, Lane was decided nearly thirty years ago and Gregg
reiterated the proposition over ten years ago. If the Ohio legislature did not want the definition of force to include the opening of closed but unlocked doors, it has had ample time to amend the statute to make its intent more clear. Yet, the legislature has not chosen to do so. Austin has not presented a compelling argument for this Court to abandon the precedent established in Lane and Gregg. Therefore, we continue to follow the precedent established in Lane that the effort expended in turning a door knob and opening a closed but unlocked door meets the statutory definition of "force" for aggravated burglary. A police detective testified that Austin had stated that he had turned the door knob and had opened B.L.'s unlocked door. We find the state presented sufficient evidence of the element of "force."
 {¶ 20} We need not determine whether sufficient evidence of stealth was presented because we have found sufficient evidence of force to support the aggravated burglary conviction. Austin's first assignment of error is without merit and is overruled.
 {¶ 21} Appellant's second assignment of error:
 {¶ 22} Austin argues that the trial court's sentence of more than the minimum sentence violated his right to trial by jury pursuant to the U.S. Supreme Court's recent decision in Blakely v. Washington (2004),124 S.Ct. 2531 because the factors that justified sentencing him to more than the minimum sentence were neither admitted by him nor found by a jury. We need not address whether Blakely renders Ohio's sentencing guidelines unconstitutional because Austin waived the issue by failing to raise it at the trial court level.
 {¶ 23} The Ohio Supreme Court has stated that "[t]he general rule is that `an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' * * * Likewise `[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time.' * * * Accordingly, the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." State v. Awan (1986), 22 Ohio St.3d 120, 122. However, the Supreme Court has cautioned that this waiver doctrine is discretionary and that "[e]ven where waiver is clear, this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." In re M.D. (1988), 38 Ohio St.3d 149, syllabus. However, this "plain error" must be an "obvious" defect in the trial proceeding. State v. Barnes (2002), 94 Ohio St.3d 21, 27.
 {¶ 24} Austin argues that it would have been futile to raise an objection to his receipt of a sentence beyond the minimum term becauseBlakely had not been decided at the time of Austin's sentencing. However, the Blakely decision did not create new law but rather merely applied the existing law established in Apprendi v. New Jersey (2000),530 U.S. 466, 490. Therefore, we cannot say that it would have been futile for Austin's counsel to argue that his sentence of more than the minimum term was unconstitutional under Apprendi. Raising the issue before the trial court would have allowed the trial court to review the law and address the issue. Therefore, we do not find that it would have been futile for Austin to raise the issue before the trial court and find that by failing to raise the issue, Austin has waived the issue on appeal. Austin's second assignment of error is without merit and overruled.
 {¶ 25} The judgment of the trial court is affirmed.
Fain, J. and Grady, J., concur.