OPINION
{¶ 1} This matter is before the Court on the Appeal of Charles J. Martin. Appellant was sentenced December 28, 2000, to life plus 55 years for three counts of aggravated murder, three counts of attempted aggravated murder, four counts of rape, and one count of aggravated robbery. His sentence included five consecutive terms for firearm specifications attached to each of the offenses. The events giving rise to this matter occurred on April 26, 2000. The victims were the mother of Appellant's child, Jeanette Jackson, and her sister, Anitra Jackson. On December 28, 2001, we affirmed Appellant's convictions but remanded the matter for resentencing because the trial court failed to state a factual basis to support its findings that maximum and consecutive sentences were warranted. Appellant was resentenced April 4, 2002, again to life plus 55 years, and on July 22, 2004, we granted leave to file this delayed appeal from that sentence. Appellant asserts four assignments of error herein, all of which lack merit. For the following reasons, the judgment of the trial court is affirmed.
 I {¶ 2} On the evening of April 25, 2000, the Jackson sisters dropped off their children at the home of Appellant while they went to a club. Anitra Jackson later returned home, while her sister stayed out with the bartender from the club. Appellant telephoned Anitra to inquire as to the whereabouts of Jeanette. Anitra fell back asleep after the phone call and was later awakened to find Jeanette and the Appellant in her room. Appellant had a gun and stated that he intended to kill both women. He accused Jeanette of being with other men. He ripped jewelry from her neck, and he emptied the contents of Anitra's dresser, finding some cash which he put in his pocket. He told the sisters that he intended to make the crime scene look as though a robbery had occurred.
 {¶ 3} Appellant then shot Anitra in the left breast. He told the sisters he wanted to have something to remember while he was in prison, and he next made Jeanette perform a sex act on Anitra at gun point. Next, he made Anitra perform a sex act on Jeanette while Jeanette performed a sex act on him. He continued to tell the sisters he was going to kill them. Anitra told Appellant she had to go to the bathroom, and he gave her permission to do so. Once in the bathroom, Anitra pushed out the window screen and climbed out, running for Salem Avenue.
 {¶ 4} Appellant pursued Antira, shooting her and causing injuries to her hand, side and chest. A passerby in a truck picked up Anitra and took her to the police station. Appellant fled the scene. When police officers later entered Anitra's residence, they found Jeanette dead on Anitra's bed. She had been shot in the head.
 {¶ 5} Appellant's first assignment of error is as follows:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT SENTENCED HIM TO MULTIPLE TERMS FOR MULTIPLE FIREARM SPECIFICATIONS, WHERE THE FELONIES UNDERLYING THE SPECIFICATIONS WERE PART OF THE `SAME ACT OR TRANSACTION'"
 {¶ 7} R.C. 2929.71(B) provides that "[i]f any of the [underlying] felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses, which three-year term shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment." "The word `transaction' contemplates a series of criminal offenses which develop from a single `criminal adventure,' which have a logical relationship and which are committed within a continuous time sequence." State v. Gregory (1993), 90 Ohio App. 3d 124, 129. A transaction is "a series of continuous acts bound together by time, space and purpose. The word includes any number of offenses so long as the offenses have a logical relationship and are committed within a continuous time sequence." State v. Florence (April 8, 1992), Montgomery App. No. 12731, unreported.
 {¶ 8} While Appellant's acts occurred within the same general time sequence, they were not bound together by space and purpose. Appellant shot Jeanette in the bedroom, while he inflicted most of Anitra's wounds outside of the house. Jeanette was the mother of his child, and he shot her because he believed she had been with other men. He raped each of them with an objective distinct from his intention to kill them; he wanted to have something to remember in prison. He robbed them to mislead the police as to the motive of their attacker. Because the events of April 26, 2000 constitute five separate transactions, namely the aggravated murder of Jeanette Jackson, the attempted aggravated murder of Anitra Jackson, the rape of Jeanette Jackson, the rape of Anitra Jackson, and the aggravated robbery of the women, the trial court properly imposed five consecutive terms for the firearm specifications. Appellant's first assignment of error is overruled.
 {¶ 9} Appellant's second assignment of error is as follows:
 {¶ 10} "THE TRIAL COURT ERRED IN IMPOSING MORE THAN THE MINIMUM PRISON TERMS PRESUMED APPLICABLE UNDER R.C. 2929.14(B) ON THE AUTHORITY OF BLAKELY v. WASHINGTON"
 {¶ 11} Appellant waived his right to raise this issue on appeal by failing to raise it before the trial court. State v. Austin, Montgomery App. No. 20445, 2005-Ohio-1035, 23 ("The Ohio Supreme Court has stated that `[t]he general rule is that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgement could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" (internal citations omitted)). The doctrine of waiver is, however, discretionary; a court may "`consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it.'" Id. (internal citations omitted.) There must be a clear defect in the trial proceeding. Id. Because we find no obvious error in the trial court proceeding, Appellant's right to present this issue is waived, and his second assignment of error is overruled.
 {¶ 12} Appellant's third and fourth assignments of error are as follows:
 {¶ 13} "THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, WHEN HIS TRIAL COUNSEL FAILED TO PRESENT THE DEFENSE OF ALIBI AT TRIAL, AND WHERE APPELLATE COUNSEL DID NOT PRESENT THIS ARGUMENT IN APPELLANT'S DIRECT APPEAL" AND "THE TRIAL COURT ERRED IN FAILING TO GIVE THE JURY INSTRUCTIONS ON POTENTIAL LESSER-INCLUDED OFFENSES TO AGGRAVATED MURDER"
 {¶ 14} In his Supplement to Brief of Appellant, Appellant argues that he was specifically entitled to an instruction as to the offense of voluntary manslaughter.
 {¶ 15} The doctrine of res judicata bars these assignments of error and accordingly we need not consider their merits. "`Where an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider that same argument on a second appeal following remand.'" State v. Hutton (2003), 100 Ohio St. 3d 176, 182. Appellant's initial convictions were confirmed on his original appeal, and the scope of this appeal is limited to the resentencing of Appellant. Appellant's third and fourth assignments of error of overruled.
 {¶ 16} Appellant's sentence is affirmed.
Wolff, J. and Fain, J., concur.