OPINION
{¶ 1} Timothy Goss pled guilty in the Montgomery County Court of Common Pleas to burglary, a felony of the fourth degree. He was sentenced to eleven months of imprisonment, to be followed by three years of post-release control. Goss appeals his sentence.
 {¶ 2} Goss was on community control at the time of the burglary in question. He entered his guilty plea on December 29, 2004. After he entered his plea, the matter was continued several times for a presentence investigation and for evaluations for the Monday and Crisis Care programs. Goss failed to appear for one of his sentencing dates and a warrant was issued for his arrest. He was sentenced for the burglary on July 6, 2005.
 {¶ 3} Goss raises one assignment of error on appeal.
 {¶ 4} "THE TRIAL COURT ERRED IN NOT ADHERING TO ORC 2929.11
AND 2929.12 AND BLAKELY AND ITS PROGENY IN PRONOUNCING ITS SENTENCE WHICH WAS GREATER THAN THE MINIMUM MANDATORY SENTENCE."
 {¶ 5} Goss claims that the trial court did not make the statutory findings for imposing a sentence greater than the minimum sentence for his offense. The minimum sentence for a felony of the fourth degree is six months. R.C. 2929.14(A)(4). The state asserts that Goss had no right to appeal his sentence, citing R.C. 2953.08(A)(2).
 {¶ 6} R.C. 2953.08 sets forth specific circumstances in which a defendant, prosecutor, or other law enforcement officer may appeal a felony sentence. Many of these circumstances clearly do not apply to Goss. The state's brief suggests that the only possible basis for an appeal was R.C. 2953.08(A)(2), which states that a sentence may be appealed when the "sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree * * *, and the court did not specify at sentencing that it found one or more factors specified in [R.C. 2929.13(B)(1)(a) to (i)] to apply relative to the defendant." It further states that "[i]f the court specifies that it found one or more of [the R.C. 2929.13(B)] factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender." The state asserts that the nature of the offense, the court's findings, and the sentence imposed precluded Goss's appeal.
 {¶ 7} R.C. 2929.13(B)(1)(h) instructs the court to consider whether the offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance. In Goss's case, the trial court expressly found that he had committed the offense while under a community control sanction. Accordingly, the factors set forth at R.C. 2953.08(A)(2) had been satisfied, and Goss did not have the right to appeal his sentence under this division.
 {¶ 8} Moreover, the trial court made the appropriate findings for imposition of a sentence greater than the shortest allowable sentence, namely that the shortest allowable sentence would demean the seriousness of Goss's conduct and not adequately protect the public from future crime by Goss or others. See R.C.2929.14(B). Goss's reliance on R.C. 2929.19(B)(2)(d), which requires a statement of reasons, is misplaced, as that statute relates to the imposition of a maximum sentence. Goss did not receive the maximum sentence. Thus, while R.C. 2953.08(A)(4) provides a right of appeal where a sentence is contrary to law, the trial court made the required findings and was not required to state its reasons, so that its sentence is not contrary to law.
 {¶ 9} Finally, Goss argues, in a very conclusory fashion, that "[p]ursuant to the Ohio Revised Code, Blakely [v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403], [United States v.] FanFan [(2004), ___ U.S. ___, 125 S.Ct. 12,159 L.Ed.2d 838], and its progeny the Trial Court abused its discretion in imposing a sentence which was much greater than the minimum mandatory sentence." We have addressed the statutory arguments supra. We decline to interpret this statement as a challenge to the constitutionality of Ohio's sentencing scheme, as theBlakely reference might suggest, because no such argument has been expressly set forth. Moreover, Goss did not raise such an argument in the trial court; thus, even if such an argument had been presented in a meaningful way on appeal, we would be compelled to conclude that it had been waived. State v.Jackson, Champaign App. No. 2004-CA-24, 2005-Ohio-2143, ¶ 9;State v. Austin, Montgomery App. No. 20445, 2005-Ohio-1035.
 {¶ 10} The assignment of error is overruled.
 {¶ 11} The judgment of the trial court will be affirmed.
Grady, P.J. and Brogan, J., concur.