OPINION
{¶ 1} Defendant-appellant Christina Mitchell appeals the decision of the Clark County Court of Common Pleas sentencing her to the maximum term of eight years after she pled guilty to one count of child endangering, a felony of the second degree.
 {¶ 2} In her sole assignment of error, Mitchell contends that the trial court erred when it determined that she had committed the worst form of the offense pursuant to R.C. § 2929.14(C) and imposed the maximum sentence authorized by statute. Additionally, Mitchell argues that the trial court improperly imposed the maximum sentence against her in an effort to punish her for refusing to testify against other defendants alleged to have been involved in the underlying criminal activity.
 {¶ 3} At no point on appeal does Mitchell explicitly assert that the trial court violated Blakely v. Washington (2004),542 U.S. 296, when it sentenced her to the maximum term for her offense, nor did she raise the issue during the sentencing phase of her trial. We previously have recognized that a defendant waives a Blakely issue by failing to raise it in the trial court. See, e.g., State v. Goss, Montgomery App. No. 21162,2006-Ohio-836, at ¶ 9; State v. Austin, Montgomery App. No. 20445, 2005-Ohio-1035, at ¶ 23-24. We also have declined to find plain error. Id.
 {¶ 4} However, the Ohio Supreme Court recently decided Statev. Foster (2006), ___ Ohio St.3d ___, 2006-Ohio-856, declaring R.C. § 2929.14(C) governing imposition of the maximum sentence for an offense unconstitutional. Thus, consistent with Foster's
mandate, we reverse the sentence that was imposed and remand this case for a new sentencing hearing.
 {¶ 5} The trial court's judgment is reversed and remanded for resentencing.
Grady, P.J. and Wolff, J., concur.