OPINION
{¶ 1} Defendant-appellant Charles J. Martin appeals from his re-sentencing, pursuant to a mandate from the Ohio Supreme Court, on one count of Aggravated Murder, with a firearm specification; one count of Attempted Aggravated Murder, with a firearm specification; two counts of Rape, each with a firearm specification; and one *Page 2 
count of Aggravated Robbery, with a firearm specification. A jury had found Martin guilty of three counts of Aggravated Murder, three counts of Attempted Aggravated Murder, and four counts of Rape, but, as will be recited below, these counts were merged into one conviction for Aggravated Murder, one conviction for Attempted Aggravated Murder, and two convictions for Rape.
 {¶ 2} Martin contends that the trial court erred by failing to merge the offenses and specifications. We conclude that the trial court did not err, but complied with the mandate of the Ohio Supreme Court, which was simply to re-sentence Martin in accordance with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The trial court was neither required, nor authorized, to revisit Martin's convictions.
 {¶ 3} Furthermore, the issue of the merger of the convictions is barred by res judicata, since that is an issue that could have been, but was not, raised in Martin's initial, direct appeal from his conviction and sentence, and the issue of the merger of the firearm specifications is barred by the doctrine of the law of the case, since this issue was raised in a prior appeal, and was decided adversely to Martin. State v.Martin, 2005-Ohio-4602, Montgomery App. No. 20516.
 {¶ 4} Accordingly, the judgment of the trial court is Affirmed.
 II {¶ 5} One evening in April, 2000, Martin terrorized Anitra Jackson and Jeanette Jackson, sisters, shooting Jeanette to death, and shooting Anitra with the expressed intent of killing her. While telling the sisters that he intended to kill them, Martin forced them to perform sexual acts. *Page 3 
 {¶ 6} Martin was initially charged by indictment with four counts of Aggravated Murder, four counts of Attempted Aggravated Murder, four counts of Rape, one count of Aggravated Burglary, and one count of Aggravated Robbery. At the conclusion of the State's case, the trial court sustained Martin's motion for a judgment of acquittal as to one count of Aggravated Murder, one count of Attempted Aggravated Murder, and one count of Aggravated Burglary. The jury found Martin guilty of the remaining three counts of Aggravated Murder, the remaining three counts of Attempted Aggravated Murder, all four counts of Rape, and the one count of Aggravated Robbery. The trial court merged the three counts of Aggravated Murder into one Aggravated Murder conviction, the three counts of Attempted Aggravated Murder into one Attempted Aggravated Murder conviction, two of the Rape counts involving one victim into one Rape conviction, and the remaining two Rape counts involving another victim into one other Rape conviction. Martin was sentenced accordingly.
 {¶ 7} In Martin's initial, direct appeal, we affirmed his conviction, but remanded this cause for re-sentencing because the findings necessary under the Ohio felony sentencing statute had not been made on the record. State v. Martin (December 28, 2001), Montgomery App. No. 18652.
 {¶ 8} On April 4, 2002, Martin was re-sentenced, in accordance with the mandate of this court in his initial, direct appeal. We later granted Martin leave to file a delayed appeal from that sentence, which resulted in an affirmance. State v. Martin, 2005-Ohio-4602, Montgomery App. No. 20516. While Martin's memorandum in support of jurisdiction was pending in his attempt to obtain review of that decision from the Ohio Supreme Court, the Ohio Supreme Court summarily reversed this court as to the *Page 4 
proposition of law relating to the imposition of a more-than-minimum sentence without jury findings, and remanded this cause "to the trial court for re-sentencing consistent with State v. Foster [supra]." Judgment entry, State v. Martin (May 3, 2006), Ohio Supreme Court Case No. 05-1823.
 {¶ 9} On remand from the Ohio Supreme Court, the trial court imposed an aggregate sentence of fifty-five years plus life. From this sentence, Martin appeals.
 II {¶ 10} Martin's First Assignment of Error is as follows:
 {¶ 11} "THE TRIAL COURT ERRED IN FAILING TO MERGE THE AGGRAVATED MURDER, ATTEMPTED MURDER, AGGRAVATED ROBBERY AND RAPE CHARGES FOR SENTENCING PURPOSES."
 {¶ 12} Martin relies upon R.C. 2941.25(A), which provides as follows:
 {¶ 13} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."
 {¶ 14} The mandate from the Ohio Supreme Court to the trial court was concerned with Martin's sentence, not his conviction. That mandate did not authorize or require the trial court to revisit the issue of Martin's conviction, which had already been entered for one count of Aggravated Murder, one count of Attempted Aggravated Murder, two counts of Rape, and one count of Aggravated Robbery, each with firearm specifications. The Aggravated Murder, Attempted Aggravated Murder, and Rape convictions had already involved the trial court's application of R.C. 2941.25(A), under *Page 5 
which authority it had already merged the three counts of Aggravated Murder of which Martin was found guilty by the jury into one conviction for Aggravated Murder, the three counts of Attempted Aggravated Murder of which Martin was found guilty by the jury into one conviction for Attempted Aggravated Murder, and the four counts of Rape (two counts each involving two different victims) of which Martin was found guilty by the jury into two convictions for Rape.
 {¶ 15} Had the trial court purported to further merge the offenses of which Martin had already been convicted, it would have erred, since to do so would have been outside the scope of its mandate from the Ohio Supreme Court, which was merely to re-sentence Martin, in accordance with State v. Foster, supra. Furthermore, any argument Martin might make that his convictions should have been further merged is barred by the doctrine of res judicata, since this is an argument he could have made, but did not make, in his initial, direct appeal, in 2001, from his conviction and sentence. State v. Hutton, 100 Ohio St.3d 176,2003-Ohio-5607, 797 N.E.2d 948, ]}37.
 {¶ 16} Martin's First Assignment of Error is overruled.
 III {¶ 17} Martin's Second Assignment of Error is as follows:
 {¶ 18} "THE TRIAL COURT ERRED IN FAILING TO MERGE THE FIVE FIREARM SPECIFICATIONS FOR SENTENCING PURPOSES."
 {¶ 19} Martin relies upon R.C. 2929.14(D)(1)(b), which provides, in pertinent part, as follows:
 {¶ 20} "A court shall not impose more than one prison term on an offender under *Page 6 
division (D)(1)(a) of this section [which includes prison terms for firearm specifications] for felonies committed as part of the same act or transaction."
 {¶ 21} Martin made this same argument in his 2004 appeal, and we rejected that argument. State v. Martin, 2005-Ohio-4602, Montgomery App. No. 20516,1J1J5-8. In its judgment entry, the Supreme Court of Ohio reversed our judgment "as to Proposition of Law No. II," which dealt with Martin's argument that he was entitled to have a jury make the findings of fact required for a more-than-minimum sentence. The other aspects of our judgment were left intact by the judgment of the Supreme Court of Ohio. That included our determination that Martin's firearm specifications were not subject to merger.
 {¶ 22} Where an issue of law is raised and adjudicated on appeal, that adjudication of law becomes the law of the case. With exceptions not material in this case, a trial court is bound by the law of the case.Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. It was therefore not error for the trial court to sentence Martin separately on each of the five firearm specifications.
 {¶ 23} Martin's Second Assignment of Error is overruled.
 IV {¶ 24} Both of Martin's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment *Page 7 
of the Chief Justice of the Supreme Court of Ohio) *Page 1