[Cite as *State v. Vega*, 2023-Ohio-1133.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                   No. 111471

    v.                                  :

RICARDO VEGA, III,                      :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** April 6, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-649286-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Jasmine Jackson, Assistant Prosecuting
Attorney, *for appellee*.

Friedman, Gilbert & Gerhardstein and Marcus S. Sidoti,
*for appellant*.

LISA B. FORBES, J.:

{¶ 1} In this accelerated appeal, appellant Ricardo Vega, III ("Vega") appeals the trial court's journal entry sentencing him to 17 months in prison. After reviewing the facts of the case and pertinent law, we dismiss the appeal.

## I. Facts and Procedural History

{¶ 2} Vega pleaded guilty to improperly handling a firearm in a motor vehicle, a felony of the fourth degree in violation of R.C. 2923.16(B). On April 26, 2022, the trial court sentenced Vega to 17 months in prison.

{¶ 3} On appeal, Vega raises the following assignment of error:

> [Vega's] sentence is contrary to law because the record does not support the imposition of the near maximum prison sentence for a fourth-degree felony.

## II. Law and Analysis

{¶ 4} Our review of felony sentencing is governed by R.C. 2953.08(G)(2), which states:

> The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 5} R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. Additionally,

> if the sentence is within the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court's imposition of any prison term for a felony conviction is not contrary to law.

*State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 7.

**{¶ 6}** Generally, a conviction for a fourth-degree felony would be presumptively punished with the imposition of community-control sanctions. *See* R.C. 2929.13(B)(1)(a). However, pursuant to R.C. 2929.13(B)(1)(b)(i):

> The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth * * * degree that is not an offense of violence * * * if * * * [t]he offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

The maximum prison term for a conviction for improper handling of a firearm in a motor vehicle in violation of R.C. 2923.16(B), a fourth-degree felony, is 18 months in prison. R.C. 2929.14(A)(4).

**{¶ 7}** At Vega's sentencing hearing, the court adopted a finding that "under 2929.13(B)(1)(b), in order to support the prison term instead of community control, that [Vega] had a firearm on or about his person or under his control while committing the offense at issue." Under R.C. 2929.13(B)(1), the trial court sentenced Vega to 17 months in prison.

**{¶ 8}** Under the circumstances of this case, we find that Vega was required to seek leave to appeal his prison sentence for his fourth-degree felony conviction. R.C. 2953.08(A)(2) provides in pertinent part that if the trial court "specifies that it found one or more of the factors in division (B)(1)(b) of section 2929.13 of the Revised Code to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender." This court has recognized that "ordinarily R.C. 2953.08(A)(2) bars appellate review

of a prison term imposed upon a fourth- or fifth-degree felony pursuant to R.C. 2929.13(B) absent a motion for leave." *State v. Torres*, 8th Dist. Cuyahoga No. 104905, 2017-Ohio-938, ¶ 8. *See also State v. Brown*, 8th Dist. Cuyahoga No. 107990, 2019-Ohio-1448; *State v. Thompson*, 8th Dist. Cuyahoga No. 107524, 2019-Ohio-1777, ¶ 24; *State v. Gibson*, 8th Dist. Cuyahoga No. 106696, 2018-Ohio-5034; *State v. Andrukat*, 5th Dist. Stark No. 2001CA00324, 2002-Ohio-1862; *State v. Padilla-Montano*, 6th Dist. Lucas No. L-03-1147, 2004-Ohio-5675; *State v. Goss*, 2d Dist. Montgomery No. 21162, 2006-Ohio-836.

{¶ 9} A review of the record demonstrates that the trial court did find that one of the factors in R.C. 2929.13(B)(1)(b) applied to Vega. However, Vega did not seek leave to appeal his sentence. Therefore, appellate review of Vega's sentence is barred pursuant to R.C. 2953.08(A)(2).

{¶ 10} Vega's appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

ANITA LASTER MAYS, A.J., and
MARY J. BOYLE, J., CONCUR