[Cite as *State v. Chmura*, 2024-Ohio-2638.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                              No. 113421

    v.                                 :

JOSEPH CHMURA,                          :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED
IN PART, AND REMANDED
**RELEASED AND JOURNALIZED:** July 11, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-661459-A, CR-22-676274-A, CR-23-667811-A, CR-23-677986-A,
and CR-23-683661-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Erica Sammon, Assistant Prosecuting
Attorney, *for appellee.*

Gina Villa, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} In this appeal, defendant-appellant, Joseph Chmura ("Chmura"), appeals his sentence in five cases, arguing that the trial court erred by improperly imposing consecutive sentences and postrelease control ("PRC"). For the reasons

set forth below, we affirm in part, reverse in part, and remand to the trial court for the sole purpose of advisement of PRC.

## I. Facts and Procedural History

{¶ 2} In February 2022, Chmura was sentenced to 18 months of community-control sanctions in Cuyahoga C.P. No. CR-21-661459-A.[1] While on community control, Chmura was charged in four more cases.[2] In October 2023, Chmura accepted a plea agreement in all four cases. In one case, he pled guilty to one count of drug trafficking, a fourth-degree felony, and one count of drug trafficking, a fifth-degree felony. In the remaining three cases, Chmura pled guilty to the indictments, which were one count each of drug possession, all fifth-degree felonies.

{¶ 3} At the sentencing hearing in November 2023, the trial court outlined Chmura's guilty pleas and the possible sentences and heard from both sides. The defense requested drug treatment; the State deferred to the court. The court noted that while Chmura was on community-control sanctions, he "picked up four new cases." (Tr. 24.) The court stated:

> So, like I was saying, the problem with this case is that you were given the opportunity on community control you absolutely picked up four new cases.

---

[1] Chmura pled guilty to one count of counterfeiting (money), a fourth-degree felony, and one count of possession of criminal tools, a fifth-degree felony.

[2] Chmura was arrested in March 2022 in *State v. Chmura,* Cuyahoga C.P. No. CR-22-676274-A; in May 2022 in *State v. Chmura,* Cuyahoga C.P. No. CR-23-677811-A; in November 2022 in *State v. Chmura,* Cuyahoga C.P. No. CR-23-677986-A; and in May 2023 in *State v. Chmura*, Cuyahoga C.P. No. CR-23-683661-A.

. . .

Okay. So, you see where we're at. You know, some people are really great on community control and some people just can't do it, can't do it to save their lives. Even if you're looking at additional time, they just can't do it.

So after consideration of the record, the oral statements made today, looking at the presentence investigation report, the purposes and principles of sentencing under Ohio Revised Code section 2929.11, seriousness and recidivism factors relevant to the offense and offender pursuant to Revised Code Section 2929.12, the need for deterrence, incapacitation, rehabilitation, and restitution, the Court finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction.

Furthermore, the Court has considered the factors set forth in 2929.12 and finds that a prison term is commensurate with the seriousness of the offender's conduct, it's impact on the victims, reasonably necessary to deter the offender and in order to protect the public from future crime and would not place an unnecessary burden on government resources.

(Tr. 25-27.) The trial court found that Chmura was in violation of his community-control sanctions and terminated his probation. The trial court sentenced Chmura to six months' incarceration for each of the four new cases to be served concurrent to each other, and nine months' incarceration for the community-control violation to be served consecutively to the six-month sentence for a total of 15 months in prison.

{¶ 4} Chmura now appeals his sentence raising two assignments of error for review:

**Assignment of Error I:** The trial court erred by not addressing post-release control at the sentencing hearing.

**Assignment of Error II:** The trial court erred in imposing consecutive sentences.

{¶ 5} For ease of discussion, the assigned errors will be addressed out of order.

## II. Law and Analysis

### A. Standard of Review

{¶ 6} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support the sentencing court's findings or (2) the sentence is "otherwise contrary to law." *State v. Kirby*, 2024-Ohio-1985, ¶ 5 (8th Dist.).

### B. Consecutive Sentences

{¶ 7} Under Chmura's second assignment of error, he argues that the trial court improperly sentenced him to consecutive sentences when there is a presumption of concurrent sentences and the lack of physical harm requires the imposition of concurrent sentences citing *State v. Hicks*, 2016-Ohio-1420 (2d Dist.). The State argues that appellate review of Chmura's sentence is barred under R.C. 2953.08(A)(2). The State argues that Chmura was required to seek leave to appeal his prison sentence because the court made the required findings to overcome the presumption of community-control sanctions, as well as the presumption of concurrent sentences. We agree with the State. This issue is not properly before this court.

{¶ 8}  R.C. 2953.08(A)(2) provides in pertinent part that if the trial court "specifies that it found one or more of the factors in division (B)(1)(b) of section 2929.13 of the Revised Code to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender."  This court has recognized that "ordinarily R.C. 2953.08(A)(2) bars appellate review of a prison term imposed upon a fourth- or fifth-degree felony pursuant to R.C. 2929.13(B) absent a motion for leave."  *State v. Vega*, 2023-Ohio-1133, ¶ 8 (8th Dist.), citing *State v. Torres*, 2017-Ohio-938, ¶ 8 (8th Dist.).[3]

{¶ 9}  R.C. 2929.13(B)(1)(b) states in pertinent part that "[t]he court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply: . . . (x) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance."  Furthermore, R.C. 2929.14(C)(4) provides that the presumption of concurrent sentences is overcome when the trial court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that at least one of

---

[3] *See also State v. Brown*, 2019-Ohio-1448 (8th Dist.); *State v. Thompson*, 2019-Ohio-1777, ¶ 24 (8th Dist.); *State v. Gibson*, 2018-Ohio-5034 (8th Dist.); *State v. Andrukat*, 2002-Ohio-1862 (5th Dist.); *State v. Padilla-Montano*, 2004-Ohio-5675 (6th Dist.); *State v. Goss*, 2006-Ohio-836 (2d Dist.).

the facts set forth in subsection (a)-(c) of R.C. 2929.14(C)(4) applies. Relevant to this case is subsection (a), which states that "[t]he offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 [community-control sanctions] of the Revised Code or was under post-release control for a prior offense." R.C. 2929.14(C)(4)(a).

{¶ 10} Here, before imposing prison, the trial court specifically found that Chmura committed four separate offenses while on community-control sanctions, overcoming the presumption of community-control sanctions. Further, before imposing consecutive sentences, the trial court found that (1) consecutive terms are necessary to protect the public, (2) consecutive terms are not disproportionate to the seriousness of Chmura's conduct and the danger he poses to the public, and finally that (3) Chmura was on community control when he picked up four additional cases. Because the trial court made the necessary findings to overcome the presumption of community-control sanctions, as well as the presumption of concurrent sentences, Chmura cannot appeal as a matter of right and should have sought leave to appeal his sentence. Thus, this court is barred from reviewing Chmura's sentence under R.C. 2953.08(A)(2).

{¶ 11} Accordingly, we cannot address this assigned error.

### C. Postrelease Control

**{¶ 12}** Under Chmura's first assignment of error, he argues that the trial court erred by imposing PRC in the sentencing entry when it failed to advise Chmura of PRC at his sentencing hearing. The State concedes this error.

**{¶ 13}** A trial court has a statutory duty to provide notice of PRC at the sentencing hearing, and any sentence imposed without proper notice of PRC is contrary to law. *State v. Nascembeni*, 2022-Ohio-1662, ¶ 8 (8th Dist.), citing *State v. Grimes*, 2017-Ohio-2927, ¶ 8. To validly impose PRC, the trial court is required to advise Chmura at the sentencing hearing and in the sentencing entry: "(1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease control period, and (3) a statement to the effect that the Adult Parole Authority will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute." *Grimes* at ¶ 1.

**{¶ 14}** Although the trial court advised Chmura about PRC at the plea hearing and in the sentencing entry, it failed to advise Chmura at the sentencing hearing; therefore, his sentence, as to PRC, is contrary to law.

**{¶ 15}** Accordingly, Chmura's first assignment of error is sustained.

## III. Conclusion

**{¶ 16}** We cannot address Chmura's second assignment of error because he failed to seek leave pursuant to R.C. 2953.08(A)(2) and we are barred from reviewing it. However, because the trial court failed to advise Chmura at the

sentencing hearing about PRC, his sentence is contrary to law. Therefore, the case is remanded to the trial court for the sole purpose of advising Chmura regarding PRC.

{¶ 17} The judgment is affirmed in part, reversed in part, and remanded for advisement of PRC.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR